**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| KAREN G. DAVIDS, as Trustee of the Harold D. and Karen G. Davids Revocable Trust, | |
| Plaintiff, | No. 17-CV-3091-LRR |
| vs. | **ORDER** |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | |
| Defendant. | |

*TABLE OF CONTENTS*

*I.     INTRODUCTION..................................................................................1*

*II.    RELEVANT PROCEDURAL HISTORY....................................................2*

*III.   STANDARD OF REVIEW........................................................................2*

      *A.     Review of Final Decision..............................................................2*
      *B.     Review of Report and Recommendation..........................................3*

*IV.   RELEVANT FACTUAL BACKGROUND...................................................5*

*V.    RELEVANT STATUTORY BACKGROUND...............................................6*

*VI.   OBJECTIONS........................................................................................8*

      *A.     The* Clark *Case............................................................................8*
      *B.     NRCS's Duty to Consider Evidence of Minimal Effects....................10*
      *C.     NFSAM Compliance...................................................................12*
      *D.     Affirmance of the Final Decision..................................................13*

*VII.  CONCLUSION....................................................................................14*

*I. INTRODUCTION*

The matter before the court is Plaintiff Karen G. Davids's Objections (docket no. 31) to United States Chief Magistrate Judge Kelly K.E. Mahoney's Report and

Recommendation (docket no. 30), which recommends that the court affirm the decision of Defendant United States Department of Agriculture ("USDA") and enter judgment in its favor. *See* Report and Recommendation at 9.

## II. RELEVANT PROCEDURAL HISTORY

On November 2, 2017, Plaintiff filed a Complaint (docket no. 1), seeking judicial review of a final administrative decision denying the applicability of the "minimal effect" exception to wetlands located on farmland owed by Davids. *See generally* Complaint. On January 12, 2018, the USDA filed an Answer (docket no. 6). On April 20, 2018, Davids filed the Plaintiff's Brief (docket no. 25). On May 25, 2018, the USDA filed the Defendant's Brief (docket no. 27). On June 7, 2018, Davids filed the Reply Brief (docket no. 28). On June 8, 2018, 2018, the matter was referred to Judge Mahoney for issuance of a report and recommendation. On October 16, 2018, Judge Mahoney issued the Report and Recommendation, which recommends that the court affirm the USDA's decision. On October 30, 2018, Davids filed the Objections. On November 6, 2018, the USDA filed a Response (docket no. 32) to Davids's Objections. Neither party has requested oral argument and the court finds that oral argument is unnecessary. The matter is fully submitted and ready for decision.

## III. STANDARD OF REVIEW

### A. *Review of Final Decision*

The USDA's decision is the result of formal adjudication and, therefore, judicial review is governed by the standard set forth in the Administrative Procedure Act ("APA"). *See id.* Under the APA, a reviewing court may set aside an agency decision if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. §§ 706(2)(A), (E). "When reviewing an agency decision, [the court] accord[s] substantial deference to the agency's interpretation of the statutes and regulations it administers." *Siebrasse v. USDA*, 418 F.3d

847, 851 (8th Cir. 2005). However, courts do not defer to an agency interpretation that is "inconsistent with the plain language of the statute or constitutes an unreasonable interpretation of an ambiguous statute." *Afolayan v. INS*, 219 F.3d 784, 787 (8th Cir. 2000). Simply put, courts "do not defer to legal interpretations that are arbitrary, capricious, or manifestly contrary to the statutory law." *Patel v. Ashcroft*, 375 F.3d 693, 696 (8th Cir. 2004).

### B. Review of Report and Recommendation

Pursuant to statute, the court applies the following standard of review to the report and recommendation of a magistrate judge:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for de novo review of a magistrate judge's report and recommendation on dispositive motions when objections are made. Fed. R. Civ. P. 72(b)(3). The Eighth Circuit Court of Appeals has held that it is reversible error for a district court to fail to conduct a de novo review of a magistrate judge's report and recommendation when such review is required. *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (providing that "failure to engage in the required de novo review is reversible error").

The statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party fails to object to any portion of a magistrate judge's report and recommendation, he or she waives the right to de novo review. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994). The United States Supreme Court has stated that "[t]here is no indication that Congress, in enacting § 636(b)(1)[ ], intended to require a district judge to review a magistrate's report to which no objections are filed."

3

*Thomas v. Arn*, 474 U.S. 140, 152 (1985). However, "while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under de novo or any other standard." *Id*. at 154.

The Eighth Circuit has suggested that in order to trigger de novo review, objections to a magistrate judge's conclusions must be specific. *See Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989); *see also Belk*, 15 F.3d at 815 (noting that some circuits do not apply de novo review when a party makes only general and conclusory objections to a magistrate judge's report and recommendation and finding that *Branch* indicates the Eighth Circuit's "approval of such an exception"); *Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990) (reminding parties that "objections must be . . . specific to trigger de novo review by the [d]istrict [c]ourt of any portion of the magistrate's report and recommendation"). The Sixth Circuit Court of Appeals has explained this approach as follows:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Goney v. Clark*, 749 F.2d 5, 6 n.1 (3d Cir. 1984) (finding that "plaintiff's objections lacked the specificity necessary to trigger de novo review"); *Whited v. Colvin*, No. C 13-

4

4039-MWB, 2014 WL 1571321, at *2-3 (N.D. Iowa Apr. 18, 2014) (concluding that, because the plaintiff "offer[ed] nothing more than a conclusory objection to . . . [the report and recommendation] . . . [the plaintiff's] objection [should be treated] as if he had not objected at all"); *Banta Corp. v. Hunter Publ'g Ltd. P'ship*, 915 F. Supp. 80, 81 (E.D. Wis. 1995) ("De novo review of a magistrate judge's recommendation is required only for those portions of the recommendation for which particularized objections, accompanied by legal authority and argument in support of the objections, are made.").

## IV. RELEVANT FACTUAL BACKGROUND

In 2005, Davids and her now deceased husband, Harold Davids, purchased a farm in Kossuth County, Iowa.[1] Administrative Record ("AR") at 384. In 2011, Davids completed a tile installation project to restore and improve drainage on the farm. *Id*. In June 2012, Harold Davids filed an AD-1026 form, a wetlands certification form, informing the USDA of the drainage tile alteration and acknowledging that a wetland evaluation may be conducted by the National Resource Conservation Service ("NRCS"). *Id*. at 385; Complaint at ¶ 16. On April 21, 2016, the NRCS filed its final determination that, as a result of the 2011 drainage tile installation project, 1.55 acres of the Davids's farmland was converted wetland. *See* AR at 5; Complaint at ¶ 17.

Davids appealed the NRCS's decision to the National Appeals Division ("NAD"). *See* Complaint at ¶ 19. Davids argued that the 1.55 acres determined to be converted wetland was actually farmed wetland. *Id*. Davids also argued that the 1.55 acres should be labeled as prior converted crop land due to manipulations made to the land prior to

---

[1] On June 18, 2015, the Harold D. And Karen G. Davids Revocable Trust was created. *See* Complaint at ¶ 21. Title of the farm was transferred by Harold and Karen Davids to Harold Davids and Karen Davids as Trustees of the Harold D. And Karen G. Davids Revocable Trust by warranty deed. *Id*. The terms of the trust agreement provided that Harold and Karen Davids were Co-Trustees and that upon the death of either Co-Trustee, the surviving Trustee would remain as the sole Trustee. *Id*. Harold Davids died on August 16, 2016, leaving Karen Davids as the sole Trustee. *Id*.

December 23, 1985. *Id*. Further, Davids argued that the NRCS erred because it did not consider whether the minimal effects exemption applied to the 2011 tiling project.[2] *Id*. On October 12, 2016, an administrative law judge ("ALJ") determined that the NRCS "erred when it did not complete a functional assessment nor otherwise consider[] whether [the Davids's] conversion of the 1.55-acre [s]ite had a minimal effect on the existing wetland functions in the watershed." AR at 353; Complaint at ¶ 22.

The NRCS sought review of the ALJ's decision to the Director of the NAD. *See* Complaint at ¶ 23. On May 17, 2017, the Director entered a Final Agency Decision reversing the ALJ's decision. AR at 389. The Director found that:

> The record in this case shows that [the Davids's] completed excavation and tile installation in the fall of 2011 to improve drainage at the [s]ite; however, [the Davids's] did not consult NRCS and request a minimal effect exemption before doing so. NRCS was not required to perform either a functional assessment of the wetland conversion or a minimal effect exemption evaluation in the absence of a specific request for the exemption prior to [the Davids's] excavation and tile installation. Following the wetland manipulation, the burden rested upon [the Davids's] to show to the satisfaction of NRCS that the effect of the wetland conversion was minimal.

AR 387. On November 2, 2017, Davids filed the Complaint, seeking judicial review of the Director's final administrative decision.

## V. RELEVANT STATUTORY BACKGROUND

In her opening brief, Davids asserts that the issue to be resolved in this matter is whether the "USDA [is] required to consider whether a wetland conversion activity is exempt from the statute's ineligibility because the effect of the conversion is minimal (minimal effect exemption)?" Plaintiff's Brief at 9.

---

[2] Davids did not present evidence of minimal effects to the NRCS. Instead, Davids presented such evidence on appeal, after NRCS had made its decision.

16 U.S.C. § 3821(a)(2) provides in pertinent part that, "[e]xcept as provided in this subchapter and notwithstanding any other provision of law, any person who in any crop year produces an agricultural commodity on converted wetland . . . shall be . . . ineligible for loans or payments . . . proportionate to the severity of the violation." *Id*. The minimal effect exemption provides in pertinent part that:

> The Secretary shall exempt a person from the ineligibility provisions of [16 U.S.C. §] 3821 . . . for any action associated with the production of an agricultural commodity on a converted wetland, or the conversion of a wetland, if . . .
>
> (1) The action, individually and in connection with all other similar actions authorized by the Secretary in the area, will have a minimal effect on the functional hydrological and biological value of the wetlands in the area, including the value to waterfowl and wildlife.

16 U.S.C. § 3822(f)(1).

The USDA promulgated a regulation addressing minimal effect determination:

> For purposes of § 12.5(b)(1)(v), NRCS shall determine whether the effect of any action of a person associated with the conversion of a wetland, the conversion of wetland and the production of an agricultural commodity on converted wetland, or the combined effect of the production of an agricultural commodity on a wetland converted by someone else has a minimal effect on the functions and values of wetlands in the area. Such determination shall be based upon a functional assessment of functions and values of the subject wetland and other related wetlands in the area. The assessment of functions and values of the subject wetland will be made through an on-site evaluation. Such an assessment of related wetlands in the area may be made based on a general knowledge of wetland conditions in the area. A request for such determination will be made prior to the beginning of activities that would convert the wetland. If a person has converted a wetland and then seeks a determination that the effect of such conversion on wetland was minimal, the burden

7

> will be upon the person to demonstrate to the satisfaction of
> NRCS that the effect was minimal.

7 C.F.R. § 12.31(e)(1).[3]

## VI. OBJECTIONS

Davids raises four objections to the Report and Recommendation. First, Davids argues that Judge Mahoney's reliance on *Clark v. USDA*, 537 F.3d 934 (8th Cir. 2008) is misplaced. *See generally* Objections at 3-4. Second, Davids argues that Judge Mahoney erred in finding that NRCS did not have a duty to consider evidence Davids provided regarding minimal effect. *See generally* Objections at 4-7. Third, Davids argues that, even though Judge Mahoney conceded that the National Food Security Act Manual ("NFSAM") is entitled to *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944) deference, Judge Mahoney erred in finding that "NRCS is not bound by NFSAM and a violation of the NFSAM interpretation by NRCS does not state a legal claim because interpretations are not mandatory and never can be violated." Objections at 7. Fourth, Davids argues that Judge Mahoney erred in recommending that the court affirm the USDA decision. *See* Objections at 9. Davids concludes that, "[i]n the record . . . there is no evidence that NRCS considered . . . Davids'[s] proof [of minimal effect] so she is asking that the court remand the matter to NRCS with directions that it consider . . . Davids'[s] proof." Objections at 12.

### A. *The* Clark *Case*

Davids argues that the "issue brought to this [c]ourt on appeal is that USDA is required to consider whether a wetland conversion activity is exempt from [16 U.S.C. § 3822(f)] ineligibility because the effect of the conversion is minimal." *Id*. at 3. Davids objects to Judge Mahoney's determination that her argument "is rejected in *Clark v. USDA*, 537 F.3d 934 (8th Cir. 2008)." Objections at 3. Davids argues that "[t]he Report

---

[3] Prior to December 7, 2018, this regulation was codified at 7 C.F.R. § 12.31(d).

and Recommendation's position that . . . Davids'[s] argument that "shall" in the statute and regulation mandates NRCS to consider whether the effect of her conversion activity is only minimal is rejected in *Clark*" is misplaced. *See* Objections at 3. Davids asserts that her "case parts company with *Clark* once she provided evidence and the question then became what is NRCS'[s] duty once proof is provided." Objections at 4.

In *Clark*, the Eighth Circuit Court of Appeals determined that 7 C.F.R. § 12.31(e)(1) makes it "clear in its requirement that a landowner must consult with the USDA prior to manipulating a wetland or face the consequence of bearing the burden to prove the manipulations have only a minimal effect." 537 F.3d at 942. Further, in interpreting 16 U.S.C. § 3822(f), the Eighth Circuit found that:

> The statute . . . does not apportion the burden of proof regarding the technical determination of whether a manipulation has more than minimal effect. Nor does it contain any language suggesting the USDA is without authority to impose a burden of proof upon landowners who fail to request a determination prior to taking action likely to hinder the USDA in its assessment of the wetlands'[s] pre-manipulation function and value.

*Clark*, 537 F.3d at 942.

Here, Davids did not consult with the USDA prior to manipulating the wetlands on her farm. Therefore, Davids beared the burden of proving that the manipulations had only a minimal effect. *See id*. Contrary to Davids's assertion in the Objections, Davids did not provide NRCS with evidence that the manipulations to the wetlands had only a minimal effect. *Compare* NRCS's initial decision dated July 1, 2015 and final decision dated April 21, 2016, *see* Complaint at ¶ 17; AR at 5-7, *with* the opinions of Davids's consultant engineer, dated July 15, 2016, *see* AR at 1048-1054. Davids did not request a minimal effect evaluation from NRCS and did not provide NRCS with proof that the manipulations to the wetlands had only a minimal effect. The consultant engineer's opinions were provided to the NAD on appeal. The final decision of the Director of the NAD found that

the evidence provided by Davids was insufficient to show a minimal effect. The Director's decision is consistent with the statute and regulations. The court finds that *Clark* is applicable under the circumstances Davids's failure to request a minimal effect evaluation prior to manipulating the wetlands on the farm and Judge Mahoney's reliance on *Clark* was not in error. Accordingly, the court shall overrule the objection.

### *B. NRCS's Duty to Consider Evidence of Minimal Effects*

Davids contends that the final decision of the USDA incorrectly determined that Davids could "only satisfy her burden of proof by performing a functional assessment and, failing this hurdle, NRCS has no mandatory duty to consider whether minimal effect applies." Objections at 5. Davids notes that:

> NRCS'[s] regulation requires NRCS to use a functional assessment to determine whether the conversion action has only a minimal effect when there is a pre-conversion request for a minimal effect determination. . . . For post-conversion requests . . . Davids must demonstrate to the satisfaction of NRCS that the effect is minimal, with no specifications given as to what type of proof is required.

*Id*. Davids maintains that the "USDA is wrong in holding that only a functional assessment by . . . Davids will meet her burden of proof." *Id*. Further, Davids argues that once she "provided proof NRCS needed to evaluate the proof to determine if it is satisfied that the conversion effect is minimal." *Id*. As for Davids's objection to the Report and Recommendation, Davids generically states that the objection is to page 6 of the Report and Recommendation. Davids concludes that, "[w]hen the Report and Recommendation says that if proof is provided that NRCS has no mandatory duty, [] the Report and Recommendation is contrary to the statute, regulation, NRCS'[s] interpretation, [and case law]." Objections at 7.

While Davids does not explicitly reference what she objects to on page 6 of the Report and Recommendation, the court presumes Davids is referring to Judge Mahoney's

finding that, while "Davids also argues that *Clark* is distinguishable because she provided some evidence bearing on the minimal effect determination: a report from an engineer," the Director of the NAD, in the final agency decision, "addressed this report and found that it did not contain the required analysis to meet Davids's burden of showing the minimal effect exemption applied." Report and Recommendation at 6. The court finds no error in Judge Mahoney's finding.

First, the burden of proof to show that the manipulation of the wetlands had only a minimal effect was on Davids because she did not consult with the USDA prior to manipulating the wetlands. *See Clark*, 537 F.3d at 942; 7 C.F.R. § 12.31(e)(1) ("If a person has converted a wetland and then seeks a determination that the effect of such conversion on wetland was minimal, the burden will be upon the person to demonstrate to the satisfaction of NRCS that the effect was minimal."). Second, Davids did not provide NRCS with proof of minimal effect. Davids submitted evidence of minimal effect on appeal, only after NRCS had made its determination that 1.55 acres of the Davids's farmland was converted wetland. Moreover, after converting the farm land, Davids did not request a minimal effect evaluation from NRCS. Instead, Davids filed an AD-1026 form, which alerted the USDA that the farmland had a new drainage system. *See* Complaint at ¶ 16; AR at 549. By filing the AD-1026 form, Davids did not request a minimal effect evaluation. *See Penner v. Vilsack*, No. 11-1059-KHV, 2011 WL 6258820, at *5 n.9 (D. Kan. Dec. 15, 2011) (providing that Form AD-1026 is used to certify that USDA farm program participants are in good standing with Highly Erodible Land Conservation ("HELC") and Wetland Conservation ("WC")). NRCS was not required to make a functional assessment for purposes of the minimal effect exemption simply because Davids filed an AD-1026 form. Third, in his decision, the Director of the NAD thoroughly addressed the evidence provided by Davids to the NAD regarding minimal effect. *See* AR at 387-88. Specifically, the Director found that Davids's "arguments

concerning the volume of runoff water, removal of subsurface saturation, and disparate treatment do not demonstrate that the effect of the wetland conversion was minimal." *Id*. at 388. Further, the Director stated "[n]owhere do I find any functional assessment of the wetland's hydrology . . . its biogeochemistry . . . or its plant[s] and fauna." *Id*. The director concluded that, "[a]s they have not provided a functional assessment of the wetland, [Davids has] not met [the] burden to show that the effect of the wetland conversion was minimal." *Id*. The court finds that Davids's objection has no merit. Accordingly, the court shall overrule the objection.

### C. NFSAM Compliance

Davids argues that Judge Mahoney erred in finding that no weight should be given to NRCS's "violation of its interpretive rules [(NFSAM)] when considering whether NRCS violated the statute's mandatory duty." Objections at 11. While the Davids's objection is not entirely clear, it appears Davids objects to Judge Mahoney's finding that:

> Davids does not seem to dispute that the [NFSAM] contains interpretive rules, . . . arguing instead that the Manual is evidence that the USDA's decisions on this issue were not consistent. She points to no administrative decisions applying the Manual in the manner she advocates, and I have found none. I recommend holding that Davids cannot challenge the USDA's decision based on any inconsistency with the provisions of the Manual.

Report and Recommendation at 9.

NFSAM § 515.1 (5th ed. 2010) provides in pertinent part:

> (C) Minimal Effect Evaluations After Conversion Has Occurred
> If a person has converted a wetland and then seeks determination where the effect of such conversion on wetland was minimal, the burden will be upon the person to demonstrate to the satisfaction of NRCS the effect was minimal. If a wetland conversion has already occurred, NRCS will use the best available information to complete the

functional assessment.

*Id*.[4] In *Clark*, the Eighth Circuit noted that NFSAM "is not contained in a regulation born of the rulemaking process, and 'does not appear to have the force of law.'" 537 F.3d at 941 (quoting *St. Mary's Hosp. of Rochester, Minn. v. Leavitt*, 416 F.3d 906, 914 (8th Cir. 2005)); *see also Shalala v. Guernsey Mem'l Hosp.*, 514 U.S. 87, 99 (1995) (noting that "[i]nterpretive rules . . . do not have the force and effect of law"). Rather, "a claim of conduct inconsistent with an interpretive rule is advanced only to show that the statute itself has been violated." *Drake v. Honeywell, Inc.*, 797 F.2d 603, 607 (8th Cir. 1986). Further, "[a]n action based on a violation of an interpretive rule does not state a legal claim. Being in nature hortatory, rather than mandatory, interpretive rules never can be violated." *Id*.

After de novo review, the court finds that it is unnecessary to determine whether the final decision of the USDA is inconsistent with NFSAM. The court has already determined, for the reasons previously stated, that the USDA's final decision is not inconsistent with 16 U.S.C. § 3822(f)(1) and 7 C.F.R. § 12.31(e)(1). Therefore, any allegation that the USDA acted inconsistently with NFSAM is irrelevant. *See id*. ("[I]nterpretive rules never can be violated."). Accordingly, the court shall overrule the objection as moot.

### D. Affirmance of the Final Decision

Davids generally objects to Judge Mahoney's recommendation that the final decision of the USDA should be affirmed. Because the court has already determined, for the reasons previously stated, that the USDA's final decision is not inconsistent with 16 U.S.C. § 3822(f)(1) and 7 C.F.R. § 12.31(e)(1), the court finds that the USDA's final

---

[4] The relevant portion of the manual can be accessed at https://directives.sc.egov.usda.gov/viewerFS.aspx?hid=29397 (last visited March 12, 2019).

decision is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. §§ 706(2)(A), (E). Therefore, the final decision should be affirmed. Accordingly, the court shall overrule the objection.

## VII. CONCLUSION

In light of the foregoing, it is hereby **ORDERED**:

(1) The Objections (docket no. 31) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 30) is **ADOPTED** and the final decision of the USDA is **AFFIRMED**; and

(3) The Complaint (docket no. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**DATED** this 18th day of March, 2019.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA